USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _6/6/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

THE DEPOSIT GUARANTEE FUND (UKRAINE),

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

21 Misc. 203 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 23, 2021, Applicant, The Deposit Guarantee Fund (Ukraine), submitted an *ex parte* petition for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a contemplated civil proceeding in the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies List (Chancery Division). ECF No. 1. On April 21, 2021, the Court granted Applicant's petition to serve subpoenas on: Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Bank of Nova Scotia; UBS AG; Bank of America, N.A.; Standard Chartered Bank US; Commerzbank AG US; Bank of China, New York Branch; Wells Fargo Bank, N.A., and The Clearing House Payments Company LLC (together, the "Respondents"). April Order, ECF No. 7. Applicant twice requested leave to serve additional subpoenas on Respondents, ECF Nos. 14, 24, and the Court granted those requests on December 17, 2021, ECF No. 17, and November 21, 2022, ECF No. 31. On January 13, 2023, Applicant apprised the Court that the underlying civil proceeding in the English court was dismissed. ECF No. 34.

Applicant now seeks leave to continue conducting discovery under the November 21, 2022 order and to use such discovery in three additional proceedings: (1) a pending criminal proceeding in the Shevchenkivsky District Court of Kyiv, Ukraine, (2) a pending civil proceeding in the Commercial Court of Kyiv, Ukraine, and (3) a contemplated criminal proceeding in Liechtenstein criminal court. Mascarenhas Decl. ¶ 3, ECF No. 38.

An applicant seeking disclosure under § 1782 must satisfy the requirements of the statute. April Order at 1–2. If it does, the Court then exercises its discretion in light of several pertinent factors to determine whether and to what extent disclosure should be granted. *Id.* at 2. Here, Applicant satisfies all statutory factors with respect to the present application for similar reasons to those set forth in the April Order. *Id.* at 2–3; *see also* ECF No. 17 at 1; ECF No. 31 at 1. First, Respondents reside in this district. April Order at 2. Second, Applicant has established that it intends to use the discovery in three pending or contemplated foreign proceedings. *See id.* at 3; *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 116 (2d Cir. 2015) ("It is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding." (internal alterations omitted)). Third, Applicant is an interested party in the foreign proceedings because it is a party to the Ukrainian civil proceeding and has participation rights under Ukrainian and

Liechtenstein criminal law.  Mascarenhas Decl. ¶¶ 9–17; *see In re Vinmar Overseas, Ltd.*, No. 20 Misc. 277, 2020 WL 4676652, at *2 (S.D.N.Y. Aug. 12, 2020).

  The four discretionary factors also weigh in favor of granting the present application for similar reasons to those discussed in the April Order.  April Order at 3–4; *see also In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 779–80 (S.D.N.Y. 2010).  First, Applicant contends that it has no reason to believe that Respondents will participate in the pending or contemplated proceedings.  Mascarenhas Decl. ¶ 18.  Second, it appears that the Ukrainian and Liechtenstein courts would likely be receptive to the evidence obtained.  *Id.* ¶ 19.  Third, there is no evidence that Applicant is attempting to circumvent any proof-gathering restrictions or other court policies under Ukrainian or Liechtenstein law.  *Id.* ¶ 20.  Finally, the subpoenas Applicant proposes are not unduly intrusive or burdensome.  *See* April Order 3–4.

  Accordingly, Applicant's motion is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 37.

  SO ORDERED.

Dated: June 6, 2023
   New York, New York

_____
ANALISA TORRES
United States District Judge